UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURAN CODE,<br><br>                                    Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK,<br><br>                                  Defendant. | **ANSWER TO AMENDED COMPLAINT BY DEFENDANT CITY OF NEW YORK**<br><br>17 Civ. 5184 (RWS)<br><br>**JURY TRIAL DEMANDED** |

Defendant City of New York, by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the Amended Complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the Amended Complaint, except admits that plaintiff, a bystander, was shot on May 18, 2016, that plaintiff purports to proceed as stated therein and that Gary Conrad was an emotionally disturbed person ("EDP").

2. Denies the allegations set forth in paragraph "2" of the Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

3. Denies the allegations set forth in paragraph "3" of the Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

4. Denies the allegations set forth in paragraph "4" of the Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's residence and citizenship.

5. Denies the allegations set forth in paragraph "5" of the Amended Complaint, except admits that plaintiff purports to base venue as stated therein.

6. Denies the allegations set forth in paragraph "6" of the Amended Complaint, except admits that on or about August 10, 2016, a document purporting to be a Notice of Claim on behalf of plaintiff was received by the Office of the Corporation Counsel of the City of New York.

7. Denies the allegations set forth in paragraph "7" of the Amended Complaint, except admits that on or about February 17, 2017, plaintiff's hearing pursuant to N.Y. Gen. Mun. L. § 50-h was held.

8. Denies the allegations set forth in paragraph "8" of the Amended Complaint, except admits that no adjustment of payment has been made by the City on plaintiff's purported Notice of Claim.

9. Denies the allegations set forth in paragraph "9" of the Amended Complaint, except admits that the instant action was filed on or about July 10, 2017.

10. Paragraph "10" of the Amended Complaint sets forth a conclusion of law, rather than an averment of fact, to which no response is required.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Amended Complaint.

12. Admits the allegations set forth in paragraph "12" of the Amended Complaint.

13. Denies the allegations set forth in paragraph "13" of the Amended Complaint to the extent it sets forth averments of fact, except admits that the three officers involved in the incident were on duty at the time; insofar as it sets forth conclusions of law, no response is required.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint.

- 3 -

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint.

16. Denies the allegations set forth in paragraph "16" of the Amended Complaint, except admits that on May 18, 2016, at approximately 8:25 a.m., plaintiff, a bystander, was shot in the vicinity of 8th Avenue and West 50th Street when two officers discharged their firearms at Gary Conrad, an EDP, in the vicinity of 8th Avenue and West 49th Street.

17. Denies the allegations set forth in paragraph "17" of the Amended Complaint, except admits that Gary Conrad had a verbal altercation with employees at the Food Emporium and that Mr. Conrad was acting in a loud and belligerent manner toward the Food Emporium employees.

18. Denies the allegations set forth in paragraph "18" of the Amended Complaint.

19. Denies the allegations set forth in paragraph "19" of the Amended Complaint.

20. Denies the allegations set forth in paragraph "20" of the Amended Complaint.

21. Denies the allegations set forth in paragraph "21" of the Amended Complaint.

22. Denies the allegations set forth in paragraph "22" of the Amended Complaint, except admits that Mr. Conrad pulled out a knife.

23. Denies the allegations set forth in paragraph "23" of the Amended Complaint, except admits that nine shots were fired by two officers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of shots that missed the intended target.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint.

25. Denies the allegations set forth in paragraph "25" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's cell phone and state of mind.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint, except admits that plaintiff was taken by ambulance to a local hospital.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint.

33. Admits the allegations set forth in paragraph "33" of the Amended Complaint.

34. Denies the allegations set forth in paragraph "34" of the Amended Complaint, except admits that the New York City Police Department trains police officers on how to deal with emotionally disturbed persons.

35. Denies the allegations set forth in paragraph "35" of the Amended Complaint.

36. Denies the allegations set forth in paragraph "36" of the Amended Complaint.

37. Denies the allegations set forth in paragraph "37" of the Amended Complaint.

38. Denies the allegations set forth in paragraph "38" of the Amended Complaint.

39. Denies the allegations set forth in paragraph "39" of the Amended Complaint.

40. Denies the allegations set forth in paragraph "40" of the Amended Complaint.

41. Denies the allegations set forth in paragraph "41" of the Amended Complaint.

42. Denies the allegations set forth in paragraph "42" of the Amended Complaint.

43. Denies the allegations set forth in paragraph "43" of the Amended Complaint.

44. Denies the allegations set forth in paragraph "44" of the Amended Complaint.

45. Denies the allegations set forth in paragraph "45" of the Amended Complaint.

46. Denies the allegations set forth in paragraph "46" of the Amended Complaint.

47. Denies the allegations set forth in paragraph "47" of the Amended Complaint.

48. Denies the allegations set forth in paragraph "48" of the Amended Complaint.

49. Denies the allegations set forth in paragraph "49" of the Amended Complaint.

50. In response to the allegations set forth in paragraph "50" of the Amended Complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs as though fully set forth herein.

51. Paragraph "51" of the Amended Complaint sets forth a conclusion of law, rather than an averment of fact, to which no response is required.

52. Denies the allegations set forth in paragraph "52" of the Amended Complaint.

53. Denies the allegations set forth in paragraph "53" of the Amended Complaint.

54. Denies the allegations set forth in paragraph "54" of the Amended Complaint.

55. Denies the allegations set forth in paragraph "55" of the Amended Complaint.

- 6 -

56. Denies the allegations set forth in paragraph "56" of the Amended Complaint.

57. In response to the allegations set forth in paragraph "57" of the Amended Complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs as though fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the Amended Complaint.

59. Denies the allegations set forth in paragraph "59" of the Amended Complaint.

60. Denies the allegations set forth in paragraph "60" of the Amended Complaint.

61. In response to the allegations set forth in paragraph "61" of the Amended Complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs as though fully set forth herein.

62. Denies the allegations set forth in paragraph "62" of the Amended Complaint.

63. Denies the allegations set forth in paragraph "63" of the Amended Complaint.

64. Denies the allegations set forth in paragraph "64" of the Amended Complaint.

65. In response to the allegations set forth in paragraph "65" of the Amended Complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs as though fully set forth herein.

66. Denies the allegations set forth in paragraph "66" of the Amended Complaint.

67. Denies the allegations set forth in paragraph "67" of the Amended Complaint.

68. Denies the allegations set forth in paragraph "68" of the Amended Complaint.

69. Denies the allegations set forth in paragraph "69" of the Amended Complaint.

70. Denies the allegations set forth in paragraph "70" of the Amended Complaint.

71.     In response to the allegations set forth in paragraph "71" of the Amended Complaint, defendant repeats and realleges its responses set forth in the preceding paragraphs as though fully set forth herein.

72.     Paragraph "72" of the Amended Complaint sets forth a conclusion of law, rather than an averment of fact, to which no response is required.

73.     Denies the allegations set forth in paragraph "73" of the Amended Complaint.

74.     Denies the allegations set forth in paragraph "74" of the Amended Complaint.

75.     Denies the allegations set forth in paragraph "75" of the Amended Complaint.

76.     Denies the allegations set forth in paragraph "76" of the Amended Complaint.

77.     Denies the allegations set forth in paragraph "77" of the Amended Complaint.

78.     Denies the allegations set forth in paragraph "78" of the Amended Complaint.

79.     Denies the allegations set forth in paragraph "79" of the Amended Complaint.

80.     Denies the allegations set forth in paragraph "80" of the Amended Complaint.

81.     Denies the allegations set forth in paragraph "81" of the Amended Complaint.

82.     Denies the allegations set forth in paragraph "82" of the Amended Complaint.

83.     Denies the allegations set forth in paragraph "83" of the Amended Complaint.

84.     Denies the allegations set forth in paragraph "84" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

85.     The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

86.     The amounts recoverable by plaintiff are subject to limitation pursuant to Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108 of the General Obligations Law, by reason of a prior settlement

between plaintiff and said person(s), or pursuant to Section 4545 of the Civil Practice Law and Rules are subject to reduction by collateral sources received by plaintiff, or by reason of the fact that punitive damages are not recoverable against the municipal defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

87. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the intervening culpable or negligent conduct of parties for whom the City of New York is not responsible, and was not the proximate result of any act of defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

88. Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

89. Any force used was justified under the circumstances.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

90. The actions of defendant the City of New York by its employees, performed in connection with hiring, retention, training, supervision, psychological screening, and/or entrustment with firearms, involved the governmental exercise of judgment and discretion, and this defendant is immune from suit.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

91. The actions of defendant the City of New York by its employees were tactical police decisions involving the governmental exercise of professional judgment and discretion, and this defendant is immune from suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

92. There was reasonable suspicion and/or probable cause for any stop, search and/or seizure.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

93.     Plaintiff may have failed to mitigate damages.

**WHEREFORE**, defendant City of New York requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    August 31, 2017
          New York, New York

>       ZACHARY W. CARTER
>       Corporation Counsel of the City of New York
>       *Attorney for Defendant City of New York*
>       100 Church Street
>       New York, New York 10007
>       (212) 356-2370
>       pfrank@law.nyc.gov
>
>       By:   /s/
>       _____
>       Philip S. Frank
>       *Senior Counsel*

To:     Jon L. Norinsberg, Esq. (**via ECF**)
        Barry Levin, Esq. (**via ECF**)
        *Attorneys for Plaintiffs*

Index No. 17 Civ. 5184 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURAN CODE,

            Plaintiff,

    - against -

THE CITY OF NEW YORK,

            Defendant.

**ANSWER TO AMENDED COMPLAINT BY DEFENDANT CITY OF NEW YORK**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Philip S. Frank*
*Tel:  (212) 356-2370*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ...................................., 2017 . . .*

*...................................................................... Esq.*

*Attorney for ..........................................................*