Sweet, R.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

LAURAN CODE,

                                  Plaintiff,

             - against -

THE CITY OF NEW YORK,

                                  Defendant.

-------------------------------------------------------------------- x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

17 Civ. 5184 (RWS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/17

RECEIVED OCT 26 2017 JUDGE SWEET CHAMBERS

**WHEREAS,** plaintiff has sought certain documents and information from defendant City of New York ("City"); and

**WHEREAS,** defendant deems this information and these documents confidential, private and/or subject to a law enforcement and/or governmental privilege and/or other applicable privileges; and

**WHEREAS,** defendant objects to the production of these documents unless appropriate protection for their confidentiality is assured; and

**WHEREAS,** good cause therefore exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorney for plaintiff and the attorney for defendant, as follows:

1.     As used herein, "Action" shall mean the lawsuit captioned above.

2.     As used herein, "Confidential Materials" shall mean: (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the

NYPD, the Civilian Complaint Review Board, or other agencies; and (b) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by defendant or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent, and only to the extent, that they (i) are lawfully obtained by plaintiff by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or (ii) are otherwise publicly available.

3. Defendant shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's counsel. Defendant reserves the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to plaintiff. If plaintiff objects to the designation of particular documents as "Confidential Materials," plaintiff shall state such objection in writing to the defendant, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then defendant shall, within thirty (30) days of receiving plaintiff's objections, move for an order approving such designation.

4. Neither plaintiff nor plaintiff's attorney shall use the Confidential Materials produced in discovery in the Action for any purpose other than the preparation, or presentation of plaintiff's case in the Action.

5. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of that plaintiff's attorney's office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in the Action.

      b.     Disclosure may also be made to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for trial of the Action, to a witness at deposition, or to the Court.

      c.     Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of the Action and not to make further disclosure of the Confidential Materials except in testimony taken in the Action. The signed consent shall be retained by plaintiff's counsel and a copy of the same shall be furnished to Defendant's attorney upon request or at a deposition or immediately before trial, although the name of an expert that Plaintiff's attorney does not intend to call as a trial witness may be redacted from such a consent before it is produced.

6.     Defendant City or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark "Confidential Information Governed by a Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by Defendant's counsel.

7.     If Plaintiff objects to the designation of any Confidential Materials as confidential, he or she shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, plaintiff shall, within 30 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as

Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8. If Plaintiff seeks to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof, he or she shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing the Confidential Materials and shall indicate whether Defendant objects to that request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9. Nothing in this Protective Order shall be construed to limit Defendant's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

10. Within 30 days after the termination of this Action, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, notes, and any other materials containing or referring to information derived therefrom, shall be returned to defendant's attorneys, or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendant's attorneys.

11. This stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

12. Plaintiff's counsel shall keep confidential for "attorneys-eyes-only" the address, telephone number, social security number, date of birth and other personal information regarding complaining victims, witnesses, and/or any member of the NYPD identified by the production of documents or otherwise identified in the course of this litigation. Such

information shall be used only by the attorney or his law firm or agents for the purpose of communicating with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff, her family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

13. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall not be used by the plaintiff or plaintiff's attorney for any purpose without prior Court approval.

DATED:   October 25, 2017
         New York, New York

Jon L. Norinsberg, Esq.
Barry Levin, Esq.
John Meehan, Esq.
*Attorneys for Plaintiffs*
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396

By: _____
    John Meehan, Esq.

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
*Attorney for Defendant City of New York*
100 Church Street, Room 4-136
New York, New York 10007
(212) 356-2370

By: _____
    Philip S. Frank
    *Senior Counsel*
    Special Litigation Unit, Tort Division

SO ORDERED:

_____
HON. ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE

10/26/17

## EXHIBIT A

The undersigned hereby acknowledges that he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Southern District of New York, dated October 25, 2017, in the action entitled Lauran Code v. City of New York, 17 Civ. 5184 (RWS), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                                                                  Signature

                                                                      _____
                                                                      Print Name

                                                                      _____
                                                                      Occupation